RIVERA, PETICIONARIO, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Mayagüez, Hon. Angel Acosta Quintero, Juez.

No. 423.—Resuelto en julio 28, 1923.

TRASLADO DE CAUSAS DE UN DISTRITO A OTRO—JUICIO JUSTO E IMPARCIAL.—Constituye error el desestimar de plano una moción del acusado para que, a fin de repreguntarlos, fueran citados los testigos en cuyas declaraciones se fundó el fiscal para solicitar el traslado de una causa criminal bajo el fundamento de que un juicio justo e imparcial no podía obtenerse contra el acusado por ser un agitador político con fuertes influencias a su favor.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. A. A. Vázquez.*

Abogado del demandado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez al declarar con lugar una moción de traslado de la causa presentada por el fiscal, se expresó en los siguientes términos:

"La Corte va a resolver este asunto y la Corte resuelve la moción del Honorable Fiscal sobre traslado de esta causa, no fundada en el hecho de que este caso haya sido sometido por tres veces a un Jurado en la Corte de Distrito de Mayagüez, y en esas tres veces en que ha ido este caso al pequeño Jurado, el pequeño Jurado no haya podido llegar a un acuerdo. Un caso puede ser sometido a un Jurado tantas cuantas veces sea necesario si el Pueblo entiende que hay elementos, que hay evidencia para poder llegar a un veredicto.

El hecho de que un jurado no haya llegado a un acuerdo por tres veces no significa de que no haya habido evidencias sino que precisamente la evidencia ha sido apreciada distintamente por los señores jurados, unos creyendo quizás que el acusado era culpable, y otros creyendo quizás que el acusado era inocente.

"La corte resuelve la moción jurada del Honorable Fiscal de esta Corte de Distrito, por los affidavits que se acompañan a la misma o sea un affidavit de José López Palermo, Cabo de la Policía Insular, otro de José Soto Rodríguez, Capitán de la Policía Insular, Jefe de Distrito de Mayagüez, y otro de Rafael Román Rivera, Policía Insular. Y la corte resuelve este caso por la apreciación que hace de los contra-affidavits presentados en el día de hoy por el Letrado de la Defensa de este acusado, affidavits de una alta significación, por cuanto ellos están jurados y firmados, uno por el señor don Manuel Marín, conocido político de la ciudad de Mayagüez, y que él mismo declara fué el presidente del Partido Republicano en las elecciones eleccionarias de 1920, por un affidavit jurado del señor don Juan Alemañy Sosa, abogado de este Bar, y que él mismo declara, porque es también un conocido político y él mismo lo declara, de que él es el vice-presidente de la Junta Local del Partido Unión de Puerto Rico, y por un affidavit de J. E. Lespier, significado político también, puesto que él mismo declara bajo juramento de que él fué el presidente del Partido Unionista en las elecciones del 1917.

"Todos estos señores, lo mismo los affidavits del Hon. Fiscal, como los del abogado defensor, los contra-affidavits, todos ellos residen en esta ciudad de Mayagüez, y de la apreciación que de estos affidavits y contra-affidavits hace la Corte, el Tribunal, la Corte, el Juez está convencido, satisfecho, altamente convencido y satisfecho

sin duda razonable de ninguna clase de que las manifestaciones del solicitante o sea el Hon. Fiscal de esta Corte de Distrito son ciertas y verdaderas, siendo imposible, de todo punto imposible para el Pueblo de Puerto Rico conseguir en este distrito judicial un juicio justo e imparcial, como tampoco en las Cortes de Distrito de Ponce, Aguadilla y Arecibo, contiguas a esta vecindad, a la Corte de Distrito de Mayagüez, y a donde han llegado, y llegan las influencias y ascendencias que tiene detrás de sí el acusado Juan Rivera alias Holandés, conocido agitador político de la ciudad de Mayagüez y de su distrito, y por esas razones y de la apreciación que de los affidavits y contra-affidavits que hace la Corte y visto lo dispuesto en el Título Sexto, Capítulo Quinto del Código de Enjuiciamiento Criminal y la jurisprudencia citada por el abogado defensor y la aplicable en este caso, tanto en los Reports de Puerto Rico, como los de California, en Cyc., y Ruling Case Law que ha visto la Corte y han sido citados, la Corte ordena y dispone que este caso sea trasladado al Distrito Primero de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, a los efectos legales consiguientes.''

Las declaraciones juradas a que se ha hecho referencia, son en substancia las siguientes:

Rafael Román Rivera declaró: ''Que conoce a Juan Rivera, (a) Juan Holandés, o sea el acusado en el caso arriba indicado, quien es un conocido agitador político, que tiene tras de sí a personas de una gran ascendencia e influencia en esta comunidad, y las cuales han logrado predisponer el ánimo del pueblo en tal forma, a favor del acusado en este caso y en contra de El Pueblo de Puerto Rcio, que un juicio justo e imparcial no podría celebrarse en este distrito judicial.

''Que la influencia de esas personas alcanzaría también a los Distritos Judiciales de Ponce, Aguadilla y Arecibo.''

José López Palermo dijo: ''Que conoce hace muchos años al acusado en este caso, Juan Rivera, (a) Juan Holandés, el que es un fuerte agitador político, gozando por tal motivo de una gran influencia entre personas connotadas de esta ciudad; que toda la opinión pública tiene ya formado juicio sobre este caso en tal forma que éste se ha convertido en un caso completamente político, estando la comunidad dividida en cuanto a la culpabilidad del acusado, no por los hechos en sí del caso, sino por la filiación política a que pertenezca el individuo que opina.

"Por estas razones, entiendo que un juicio justo e imparcial es imposible celebrarlo en este distrito judicial, y que dada la influencia de las personas que favorecen la causa del acusado en este caso, sería imposible también obtener un juicio justo e imparcial en Aguadilla, Ponce y Arecibo."

José Soto Rodríguez declaró: "Que conoce al acusado en este caso, Juan Rivera, (a) Juan Holandés, el que es un fuerte agitador político en esta ciudad; que el declarante, al observar que por tres juicios consecutivos no ha habido veredicto en el caso arriba indicado, ha sabido que la causa es la gran ascendencia de que goza el acusado Juan Rivera, (a) Juan Holandés entre ciertas personas connotadas de esta ciudad que han logrado predisponer el ánimo de la comunidad a favor del acusado en este caso, opinando por tanto, que no es posible celebrar un juicio justo e imparcial en este distrito judicial, y que esas condiciones no solamente reinan en este distrito judicial, sino que dada la influencia de las personas que protegen la causa de Holandés, un estado similar de cosas reinaría en los distritos judiciales de Aguadilla, Ponce y Arecibo."

Manuel Marín depuso: "Que hace más de 18 años que resido constantemente en Mayagüez y durante toda esa época he estado afiliado en Mayagüez al Partido Republicano, que es uno de los principales partidos políticos.

"Que fuí presidente de ese indicado partido político en la campaña eleccionaria de 1920, y en ningún momento ni día de esa campaña fué agitador político de ninguno de los partidos principales Juan Rivera (a) Holandés, el cual no sabe leer ni escribir y es de profesión carretero, siendo un honrado trabajador que no vive de la política y sí de su trabajo personal. Y el comité político por mí presidido no confió en ningún momento ningún puesto político al citado Holandés ni le dió comisión de índole alguna que pudiera convertirlo en agitador político, careciendo como carece Holandés de las dotes necesarias para ello.

"Que en el 1917 tomé parte en la campaña eleccionaria de Mayagüez, y en ningún día de esa campaña fué agitador político Juan Rivera (a) Holandés de ninguno de los partidos principales.

"Que me consta que ninguna persona de ascendencia política dentro del partido a que pertenezco en Mayagüez está detras del citado Juan Rivera (a) Holandés y me consta también que ninguna de esas personas ejerce ascendencia política en Aguadilla, Ponce y Arecibo, y mucho menos el citado Juan Rivera."

Juan Alemañy Sosa dijo: "Que soy Vice-presidente de la

Junta Local del Partido Unión de Puerto Rico en esta ciudad; que he sido miembro de dicha Junta Local durante los últimos cuatro años hasta el presente, sin interrupción, y fuí miembro de la misma durante los años 1908, 1909 y 1910; que durante el tiempo que he estado fuera de la dirección de dicho partido oficialmente, he tomado también parte activa en la política Unionista en esta Isla; que ejerzo la profesión de abogado en las cortes insulares de Puerto Rico desde hace más de siete años; que conozco al acusado en este caso Juan Rivera, (a) Holandés, desde hace veinticinco años; que durante todo dicho tiempo y hasta el presente lo he conocido como un hombre completamente pobre, de posición humilde, dedicado al oficio de carretero; que dicho acusado ha figurado siempre y figura actualmente como un elector del Partido 'Unión de Puerto Rico,' consecuente y entusiasta, pues lo he visto en varias ocasiones formar parte del auditorio en los mítines políticos y concurrir a las manifestaciones de igual carácter; pero nunca ha sido un agitador político, ni líder político, ni delegado de barrio, ni el partido nunca le ha conferido ninguna misión de carácter político ni de ningún otro carácter, ni él tiene condiciones para ser tal agitador político por carecer de ilustración hasta el extremo de no saber leer ni escribir, y medio ambiente adecuado; que conozco íntimamente a dicho acusado y las relaciones que él mismo tiene, tanto de carácter personal como social y político, y estoy seguro que es persona completamente desconocida fuera de esta ciudad de Mayagüez y que en el distrito judicial de Aguadilla, en el de Ponce, o en el de Arecibo es persona que no tiene conocimiento, amistad o relación con nadie y es completamente desconocido para todo el mundo; que dicho acusado es conocido en esta ciudad por los jefes políticos de ambos partidos, especialmente por los del partido 'Unión de Puerto Rico'; pero ese mismo conocimiento lo tienen ellos con tres mil electores unionistas más; que dicho acusado está bajo la acusación de un delito de homicidio voluntario en el cual no está envuelta para nada la cuestión política y que la información y creencia que yo tengo del curso de este asunto es que la dificultad consiste en la falta de testigos directos del caso, pero sin que en el mismo haya intervenido para nada la condición política del acusado; que además éste carece en absoluto de influencia política para predisponer a su favor por esta causa a persona o personas algunas influyentes; que según información y creencia que fundo en los hechos anteriormente expuestos, el Pueblo de Puerto Rico está en condiciones de obtener un juicio justo e imparcial contra el acusado, tanto en el

Distrito Judicial de Mayagüez, como en el de Aguadilla, el de Ponce, el de Arecibo o cualquiera otro de la Isla."

Edelmiro Lespier declaró: "Que hace más de ocho años que resido constantemente en Mayagüez y durante toda esa época he estado afiliado en Mayagüez a uno de los principales partidos políticos siendo también uno de los afiliados de dicho partido Juan Rivera (a) Holandés.

"Que fuí presidente de ese indicado partido político en la campaña eleccionaria de 1917, y en ningún momento ni día de esa campaña fué agitador político Juan Rivera (a) Holandés, el cual no sabe leer ni escribir y es de profesión carretero, siendo un honrado trabajador que no vive de la política y sí de su trabajo personal. Y el comité político por mi presidido no confió en ningún momento ningún puesto político al citado Holandés ni le dió comisión de índole alguna que pudiera convertirlo en agitador político, careciendo como carece Holandés de las dotes necesarias para ello.

"Que tomé parte en la campaña eleccionaria de 1920, en Mayagüez, y en ningún día de esa campaña fué agitador político Juan Rivera (a) Holandés.

"Que me consta que ninguna persona de ascendencia política dentro del partido a que pertenezco en Mayagüez está detrás del citado Juan Rivera (a) Holandés y me consta también que ninguna de esas personas ejerce ascendencia política en Aguadilla, Ponce y Arecibo, y mucho menos el citado Juan Rivera.

"Que me consta que en la campaña eleccionaria de 1917, así como en la de 1920, el Sr. José Soto Rodríguez actual jefe de la Policía Insular no se encontraba en Mayagüez.

"Que según información, que el declarante cree cierta, el motivo de no haberse obtenido veredicto en el juicio por homicidio contra Juan Rivera (a) Holandés es debido a la falta de prueba convincente por parte del Pueblo y nunca a cuestiones de índole política, y afirma el declarante que tanto en el Distrito de Mayagüez, como en los de Aguadilla, Ponce y Arecibo, El Pueblo de Puerto Rico y el acusado están en condiciones de celebrar y obtener un juicio imparcial y justo en este caso."

Al ser notificado el abogado del acusado con copia de la moción presentada por el fiscal y de los *affidavits* en apoyo de la misma, inmediatamente pidió a la corte que fueran citados los declarantes a comparecer a la vista con el fin de

tener la oportunidad de repreguntarles, moción que fué desestimada sin indicarse las razones de tal negativa.

Al comenzar la vista de la moción de traslado, la corte a iniciativa propia, muy acertadamente, eliminó de la contramoción presentada por el acusado, cierta materia escandalosa donde se imputaban al fiscal móviles y actos indebidos. Al proceder así el juez, también muy oportunamente, aprovechó la ocasión para hacer una fuerte represión al abogado del acusado. Dentro de la naturaleza de las cosas este incidente no pudo haber tenido por objeto el aplacar cualquier sentimiento de animosidad personal que hubiera surgido entre el abogado de la defensa y el fiscal, aunque puede haber servido para despejar la atmósfera en la sala de sesiones y aplacar en todo lo posible las manifestaciones externas del modo de pensar a que dichas circunstancias generalmente dan lugar.

Que la indignación que con razón tenía la corte no desapareció completamente por la eliminación de las materias escandalosas de referencia lo demuestran, al parecer, ciertas indicaciones ardorosas contenidas en el extracto arriba citado en primer término.

Es, sin duda cierto, que los *affidavits* de los líderes locales de los partidos políticos deben ser considerados con cierta cautela. Pero cuando tales líderes de ambos partidos políticos están de acuerdo, esa circunstancia debe tener algún valor por tender a desvirtuar cualesquiera presunciones de prejuicio o parcialidad que de otro modo podrían existir.

Hasta ahora hemos indicado la conveniencia en permitir el examen de repreguntas en cuestiones de esta naturaleza cuando lo pide un acusado. *Fajardo* v. *Soto Nussa, Juez de Distrito,* 23 D. P. R. 77.

La existencia o inexistencia de una situación tal que impida la celebración de un juicio justo e imparcial es intrínsicamente cuestión de opinión, cuya corrección depende ne-

cesariamente de la certeza de los datos en que se funda.    De aquí la importancia en un caso dudoso de determinar el fundamento en que descansa tal prueba de opinión.

En el presente caso no podemos convenir con la conclusión a que llegó la corte inferior en cuanto a la suficiencia de la demostración hecha por el fiscal, a falta de tales repreguntas, y en vista de los contra-*affidavits,* por lo menos en lo que respecta a los distritos adyacentes de Aguadilla y Ponce.

Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.

> *Revocada la orden apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.