ÁLVARO MALDONADO SANTAELLA, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. ÁNGEL M. UMPIERRE, JUEZ EN COMISIÓN, demandada; EL PUEBLO DE PUERTO RICO, interventor.

Núm. 1826.—*Sometido:* Mayo 9, 1950. *Resuelto:* Junio 13, 1950.

*Benjamín Ortiz, Leopoldo Tormes García, Ariel Colón Clavell* y *Rafael Hernández Matos,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, interventor, demandante en la causa principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 19 de julio de 1948 se radicó acusación ante la Corte de Distrito de Ponce imputándole a Álvaro Maldonado Santaella haberse apropiado para su beneficio y uso particular de la suma de $9,207.95, que recibió entre los años 1941 a 1944 en su capacidad de Subsecretario y Secretario interino de la Corte de Distrito de Ponce, todo ello en violación del artículo 372 del Código Penal, ed. 1937. Se celebró el juicio en noviembre de 1948 y de nuevo en febrero de 1949. En ambas ocasiones el jurado fué disuelto por no haberse podido poner de acuerdo para rendir un veredicto unánime.

El 28 de abril de 1949 El Pueblo radicó una moción solicitando se trasladase el caso para ante el Tribunal de Distrito de San Juan, a tenor con el artículo 171 del Código de

Enjuiciamiento Criminal, ed. 1935.(¹)   Alegó el Pueblo en su moción que era imposible obtener en Ponce un juicio justo e imparcial.   Su principal contención fué que no se podía conseguir en la Corte de Distrito de Ponce un jurado imparcial, exento de prejuicios contra el gobierno con motivo de las relaciones sociales, políticas y económicas del acusado y de su padre en Ponce, y debido también a que el acusado había sido subsecretario y secretario interino de la Corte de Distrito de Ponce.   La moción también decía que en Guayama, el distrito más cercano y de más fácil acceso, existían las mismas condiciones.   En apoyo de su moción, el Pueblo presentó 63 declaraciones juradas de diversos ciudadanos de Ponce y Guayama.

Con motivo de no estar disponible ninguno de los tres jueces de distrito regulares de Ponce, se designó al Juez de Distrito General, Sr. Umpierre, para resolver esta moción. Celebrada una vista, en la que fueron contrainterrogados por el acusado muchas de las 63 personas que firmaron declaraciones juradas para el gobierno, el Juez Umpierre declaró con lugar la moción.   Denegó una moción de reconsideración y a solicitud del acusado expedimos el auto de *certiorari* para revisar la resolución trasladando el caso al Tribunal de Distrito de San Juan.

El peticionario señala tres errores: (1) la corte de distrito cometió error al resolver que la moción de traslado aducía hechos suficientes para ordenarse dicho traslado al Tribunal de Distrito de San Juan; (2) la corte inferior

---

(¹) El artículo 171 prescribe así:

"Una causa criminal podrá trasladarse por el tribunal de distrito en que se halle pendiente a solicitud del Fiscal o del acusado:

"Primero.   Fundado en que un juicio justo e imparcial no puede obtenerse en el distrito en donde está pendiente la causa, o cuando por razón de desorden público que exista en dicho distrito un justo e imparcial juicio para el acusado y el Gobierno no puede obtenerse con seguridad y rapidez, o cuando la vida del acusado o de algún testigo pueda ponerse en peligro si se juzgare la causa en tal distrito.

"Segundo.   Fundado en que no puede obtenerse un jurado para el juicio del acusado en tal distrito.   Por los mismos motivos podrá trasladarse por la corte municipal una causa criminal."

abusó de su discreción al ordenar el traslado sin aducirse hecho específico alguno demostrativo de la imposibilidad de obtener un juicio justo e imparcial o la formación de un jurado; (3) la corte de distrito abusó de su discreción al ordenar el traslado para San Juan y no para el distrito más cercano a Ponce.

■ Creemos innecesario discutir el primer error. Aun cuando la moción de traslado no estuviera lo suficientemente redactada en detalle, ese defecto se podía haber subsanado por las declaraciones juradas acompañadas a la misma y por la prueba testifical aducida durante la vista. Por consiguiente, la única cuestión substancial se suscita en el segundo error.

■ Nuestra decisión en cuanto al segundo error depende de si el Pueblo probó suficientemente que en Ponce no se podía obtener un juicio justo e imparcial. Sobre esta cuestión, las únicas conclusiones específicas de la corte de distrito fueron las siguientes: (1) que el padre del acusado, que se ha dedicado al magisterio durante más de 40 años "ha cultivado en el distrito de Ponce ahora, y anteriormente en Guayama, las mejores relaciones de amistad con los ciudadanos de esos distritos . . ."; (2) "el acusado mientras trabajó en la secretaría de la Corte de Distrito de Ponce cultivó buenas relaciones de amistad con personas de todas las clases sociales del distrito de Ponce y especialmente con los señores que componían el panel de jurado, algunos de ellos aún prestando servicios"; (3) "el acusado ha frecuentado recientemente los distritos de Ponce y Guayama como representante de la Cervecería India y ha continuado cultivando buenas relaciones de amistad en los pueblos que componen esos distritos." La corte inferior concluyó que "para juzgar a este acusado en estos distritos hay que ir contra un sentimiento de amistad y simpatía que exigiría de parte de los representantes del pueblo un esfuerzo supremo que vencer." En consecuencia, la corte de distrito declaró con lugar la moción de traslado para San Juan.

De ordinario un acusado debe ser juzgado en el distrito en donde se alega cometió el delito. Artículo 8, Código de Enjuiciamiento Criminal; *El Pueblo* v. *Paz*, 12 D.P.R. 99; *El Pueblo* v. *Ruiz, alias Mora*, 19 D.P.R. 94; *Pueblo* v. *Morales*, 45 D.P.R. 191. Hemos resuelto por tanto que "el traslado de una causa criminal debe considerarse un mal para el público a menos que las exigencias de la justicia lo requieran." *Pueblo* v. *Collazo*, 33 D.P.R. 49, 53. Se presume que no existe prejuicio alguno contra ninguna de las partes en el sitio en que se cometió el delito y la parte que solicita el traslado tiene el peso de la prueba para justificarle a la corte que el traslado es necesario. Artículo 173, Código de Enjuiciamiento Criminal; *Howard* v. *Commonwealth*, 20 S.W.2d 721 (Ky., 1929); véase *Fajardo* v. *Soto Nussa*, 23 D.P.R. 77. Esta obligación no se cumple meramente presentando opiniones de diversas personas en cuanto a un estado de prejuicio local. Estas opiniones son "consideradas como mera conclusión a menos que estén fundadas en algo concreto . . . ". *Pueblo* v. *Collazo*, supra, pág. 52. En síntesis, la evidencia en cuanto a un supuesto prejuicio local debe consistir de hechos específicos y no de meras creencias, opiniones o conclusiones. *Pueblo* v. *López*, 49 D.P.R. 329; *Pueblo* v. *Vázquez*, 48 D.P.R. 425; 7 Cal. Jur. pág. 919, sec. 65. Además, "si, como resultado del juicio, se obtiene un jurado sin dificultad y no se demuestra que [la parte actora] agotó sus recusaciones perentorias, éste es un hecho que ha de considerar la corte de apelación . . . ". *Pueblo* v. *Collazo*, supra, pág. 52; *Pueblo* v. *Escobar*, 55 D.P.R. 505, 511.

■ En vista de las anteriores consideraciones, es preciso concluir que la corte inferior abusó de su discreción al decidir que era necesario el traslado del caso de la Corte de Distrito de Ponce. Los varios deponentes manifestaron que sería "imposible", "difícil" o "no fácil" para el Pueblo obtener un veredicto de culpabilidad debido a las relaciones del acusado y de su padre y debido también a los cargos que el acusado desempeñó en la corte. Pero éstas eran generalidades y

meras opiniones que no pueden aceptarse como concluyentes en ausencia de hechos específicos sobre los cuales se basó la opinión. Resolver lo contrario sería otorgarle a los deponentes las prerrogativas y discreción de las cortes sobre la cuestión de traslados.

■ No podemos convenir con la proposición de que la supuesta buena reputación del acusado y de su padre y la estimación de que gozan en la comunidad constituyen hechos suficientes para poder basar una opinión de que no puede obtenerse en Ponce un juicio justo e imparcial. No podemos creer que la Legislatura tuvo por miras disponer que solamente personas que gocen de mala reputación deben ser juzgadas en el distrito en que se alega se cometió el delito. Indirectamente así lo estaríamos resolviendo si aprobásemos el traslado por el único fundamento de que un acusado y su familia gozan de excelentes reputaciones y amistades en el distrito en que ocurrieron los hechos.

■ No hubo prueba específica de la amistad o relaciones del acusado con los 300 jurados que actuaban en Ponce a la fecha de la moción. Una vaga alegación de que varios jurados lo conocían y eran amigos suyos mientras actuaba como secretario interino de la corte hacía más de cuatro años, no es prueba suficiente de que no podía obtenerse al presente en Ponce un jurado que le brindara al Pueblo un juicio justo e imparcial.

Admitimos que la influencia y las relaciones de un acusado en determinado distrito pueden ser tan numerosas y tan arraigadas que sería prácticamente imposible para el Pueblo obtener un jurado que le pueda conceder al gobierno un juicio justo e imparcial libre de tal influencia. *Cf. Pueblo* v. *Baéz*, 44 D.P.R. 54; *People* v. *Yoakum*, 53 Cal. 566 (1879). Pero en este caso no se presentó tal prueba detallada y específica. Por el contrario, sólo tenemos opiniones sin fundamento de un puñado de ciudadanos. Además, estas opiniones fueron debilitadas considerablemente por las admisiones en el contrainterrogatorio al efecto de que ellas eran sencillamente los

544

puntos de vista personales de los deponentes, no discutidos con otras personas, y en algunos casos no representaban sus puntos de vista en cuanto a la actitud de la comunidad en general hacia el acusado. Finalmente, en muchos casos estas opiniones quedaron sin efecto alguno al declarar los deponentes en el contrainterrogatorio que si ellos mismos fueran llamados a actuar como jurados rendirían un veredicto basado en la prueba presentada.

■ Tampoco podemos resolver que procedía el traslado porque muchos deponentes afirmaron que si eran llamados como jurados buscarían la forma de ser excusados con motivo de su amistad con el padre del acusado. Esto dista mucho de ser prueba al efecto de que era imposible obtener en el distrito de Ponce, otros jurados que no tuvieran amistad con el acusado. En verdad, algunos de estos mismos deponentes, como ya hemos indicado, declararon en el contrainterrogatorio que si ellos participaban en el caso, actuarían solamente de acuerdo con la prueba presentádales. Véase el artículo 227, párrafo 7, Código de Enjuiciamiento Criminal.

■ Durante el primer juicio se constituyó un jurado sin dificultad alguna durante la mañana del primer día de sesión. El fiscal recusó motivadamente sólo tres jurados y no fué necesario que la corte llamara jurados del panel especial. Con la misma facilidad se constituyó el jurado en el segundo juicio. Como antes se ha dicho, resolvimos en el caso de *Collazo* que ésta es una importante consideración para determinar la procedencia del traslado. Si no hubo grandes dificultades al constituir dos jurados anteriores, no podemos ver por qué deben anticiparse dichas dificultades al constituirse un tercer jurado.

■ Existe otro punto en relación con los juicios anteriores. El hecho de que dos jurados no pudieran ponerse de acuerdo, no es suficiente motivo para el traslado. Estos desacuerdos no indican necesariamente que no es posible obtener un veredicto—ya sea de culpabilidad o inocencia—en otro juicio en Ponce. Los desacuerdos, por sí solos, simplemente

significan que dos grupos separados de doce hombres no se han puesto de acuerdo unánimemente en cuanto a los hechos. Esto de por sí no es suficiente para demostrar que otro jurado en Ponce no declarará culpable—o absolverá—al acusado en un tercer juicio. Hasta donde se desprende de los autos, la dificultad puede consistir en los hechos, y no en otras consideraciones tales como supuesto prejuicio. Véase *Rivera v. Corte de Distrito de Mayagüez*, 32 D.P.R. 395. El alegado prejuicio sobre el cual el Pueblo basó su moción existía antes del primer juicio. Sin embargo, no se solicitó el traslado entonces. Tampoco, como hemos visto, hubo dificultad al constituir el jurado para los dos juicios anteriores. El verdadero motivo detrás de la moción solicitando el traslado aparentemente es que en los dos juicios no ha habido veredicto. Pero, según dijimos antes, el desacuerdo del jurado no constituye, de por sí, motivo para decretar un traslado.

La moción del Pueblo solicitando el traslado alega también que a los dos juicios anteriores asistió considerable público y que el caso ha adquirido tal notoriedad que resulta imposible obtener en Ponce un juicio justo e imparcial. Aquí también tenemos una vaga generalidad sin prueba específica y detallada en qué basar tal conclusión. La notoriedad de un caso no es de por sí suficiente causa de traslado; la única cuestión a determinar es si, no empece la notoriedad del caso, pueden encontrarse jurados que rindan un veredicto justo e imparcial. *Stephens v. People*, 111 P.2d 1057 (Colo., 1941); *Pueblo v. Collazo*, supra; *People v. Ford*, 143 P. 1075 (Cal., 1914); *People v. Kromphold*, 172 Cal. 512 (1916); *People v. Lesse*, 199 P. 46 (Cal., 1921). Nuestra Legislatura ha reconocido este principio al disponer en el artículo 227, inciso 7, del Código de Enjuiciamiento Criminal que "No será motivo de incapacidad para actuar como miembro del jurado el hecho de que éste haya formado o expresado su opinión acerca del asunto o causa que haya de someterse a la deliberación de aquél, si dicha opinión se funda en rumores públicos, manifestaciones de la prensa o en la notoriedad del

caso, siempre que a juicio del tribunal, previa la declaración que bajo juramento o en otra forma preste, está dicho individuo en aptitud, no obstante dicha opinión, de actuar con entera imparcialidad y rectitud en el asunto que a él haya de someterse. La recusación puede ser verbal, pero debe anotarse en el libro de actas del tribunal.''

Una moción de traslado se dirige a la discreción de la corte de primera instancia. De ordinario no alteraríamos la decisión de la corte inferior en relación con tal moción. *Pueblo* v. *Escobar*, supra; *Pueblo* v. *Collazo*, supra; *Pueblo* v. *Baéz*, supra. Pero bajo el artículo 173 del Código de Enjuiciamiento Criminal sólo se ordenará el traslado a base de evidencia que ''justifique'' a la corte sentenciadora que se impone el traslado. Por tanto, la discreción conferida a la corte inferior no es ilimitada. *People* v. *Yoakum*, supra. Toda vez que en este caso de los autos no se desprende evidencia alguna de naturaleza específica y detallada sobre la cual la corte inferior pudo haber razonablemente basado su resolución, la corte de distrito abusó de su discreción al declarar con lugar la moción de traslado.

Aun cuando la moción de traslado no lo dice específicamente, de ésta se infiere que el gobierno aparentemente cree que es imposible obtener de los jurados en Puerto Rico veredictos justos e imparciales en aquellos casos que envuelven personas que gozan de excelente reputación, si se les celebra el juicio en los distritos en que residen, por un delito de malversación de fondos públicos. Pero la Legislatura ha provisto el juicio por jurado en tales casos. Y no ha autorizado el traslado basado éste únicamente en la reputación del acusado en el sitio en que se alega fué cometido el delito. Mientras permanezcan intactas estas disposiciones de ley, las cortes carecen de autoridad para decretar los traslados en tales casos. En ausencia de evidencia específica y afirmativa en contrario, debemos presumir que no obstante la presencia de estas circunstancias, un jurado cumplirá con su

deber y basará su veredicto solamente en la prueba aducida durante el juicio.

El resultado a que hemos llegado hace innecesario que determinemos si la corte inferior cometió el tercer error al decretar el traslado para San Juan en vez de para Guayama.

*La resolución de la Corte de Distrito de Ponce trasladando el caso al Tribunal de Distrito de San Juan será dejada sin efecto y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*