EL PUEBLO DE PUERTO RICO, recurrido, *v.* FEDERICO RO-
MÁN PIZARRO, peticionario.

*Número:* CE-89-205      *Resuelto:* 4 de abril de 1989

*Sylvia Juarbe,* abogada del peticionario.

## RESOLUCIÓN

A la solicitud de *certiorari,* no ha lugar.

Notifíquese por teléfono y por correo.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió voto disidente. Los Jueces Asociados Señores Negrón García y Hernández Denton expedirían.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Mediante recurso de *certiorari,* radicado el 3 de abril de 1989, se nos solicita la revisión de una resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Carolina —Hon. Crisanta González de Rodríguez, Juez— mediante la cual dicho foro le ordenó al peticionario Federico Román Pizarro y a su abogado cumplir, *so pena de desacato,* con los términos de una "reglamentación" establecida por la men-

cionada juez mediante la cual se "regula" el ejercicio del derecho constitucional a juicio por jurado del peticionario.(1)

Mediante resolución a esos efectos, en el día de hoy una mayoría de los integrantes del Tribunal se niega a expedir el auto de *certiorari* radicado. *Disentimos.* No obstante las limitaciones de tiempo,(2) pasamos a exponer los fundamentos en que descansa nuestro disenso.

## I

El Ministerio Público radicó contra el aquí peticionario un pliego acusatorio donde le imputó un supuesto delito de apropiación ilegal agravada. En el acto de lectura de acusación el peticionario, por conducto de su representación legal,(3) expresó que daba por leído el pliego acusatorio y solicitó se le concediese el término de diez días para hacer alegación; entendiéndose que de no hacer alegación, dentro del mismo se entendería hecha una de "no culpable" y solicitud de juicio por jurado.

El tribunal de instancia, luego de conceder la antes mencionada solicitud de la defensa y de señalar el acto del juicio para el día 5 de abril de 1989, ordenó se le entregara al acusado y su abogado —*para la lectura y firma de éstos*— un documento intitulado "Advertencias y Requerimientos". Dicho documento, *en lo pertinente al recurso radicado,*(4) con-

---

(1) El peticionario Federico Román Pizarro fue acusado por el Estado de la supuesta comisión de un *delito grave*, esto es, el de apropiación ilegal agravada.

(2) La orden o resolución que se pretende revisar fue emitida por el foro de instancia en corte abierta el 7 de marzo de 1989. Como expresáramos anteriormente, el recurso de *certiorari* fue radicado en la Secretaría de este Tribunal el día 3 de abril de 1989. *La vista en su fondo del caso está señalada para el 5 de abril de 1989.*

(3) La Lcda. Sylvia Juarbe, abogada de la Sociedad para Asistencia Legal.

(4) A pesar de que nos preocupan varias de las "advertencias y requerimientos" que contiene el documento en controversia, centralizamos nuestra atención en la que atañe al derecho constitucional a juicio por jurado.

tiene en su párrafo tercero la siguiente "advertencia y requerimiento":

3. Usted tiene derecho a que su caso sea juzgado por jurado. *Si va a ejercer ese derecho, le solicitamos que lo notifique al Tribunal con diez (10) días de antelación al juicio* para que se puedan realizar los arreglos administrativos necesarios para tener disponibles los candidatos a jurado. (Énfasis suplido.) Apéndice, pág. 6.

La representación legal del acusado, luego de argumentar específicamente sobre la improcedencia de dichas "advertencias y requerimientos", le informó al foro de instancia que se negaba a firmar el citado documento y que, igualmente, aconsejaba a su representado que no lo hiciera. El tribunal, luego de ordenarle al alguacil de sala que leyera en alta voz el documento en controversia, advirtió tanto al acusado como a su abogada que dichas "advertencias y requerimientos" deberían ser cumplidos por ellos "bajo apercibimiento de desacato". Petición de *certiorari*, pág. 3.

En el recurso que radicara, el peticionario hace el siguiente señalamiento de error:

Erró la Honorable Juez Crisanta González De Rodríguez al aprobar — en alguna de sus funciones como Juez Administradora de la Región Judicial de Carolina, Juez Administradora del Centro Judicial de Carolina o Juez Administradora Auxiliar para Asuntos de lo criminal del Tribunal Superior de Carolina — unas reglas para reglamentar el ejercicio del derecho a juicio por jurado, y el descubrimiento de prueba en el ámbito de lo criminal, y al pretender imponerlas en todas las Salas de dicho Tribunal, excediéndose en sus funciones administrativas; erró en su función judicial al presidir una Sala de dicho Tribunal Superior — al pretender imponer dichas reglas al peticionario de epígrafe, y a su abogada, siendo las mismas contrarias a derecho; y erró también al pretender compeler al peticionario, y a su abogada, a cumplir con dichas reglas y renunciar a derechos que las Reglas de Procedimiento Criminal debidamente aprobadas reconocen a todo acusado, invo-

cando en su contra el recurso intimidante del apercibimiento de desacato. Petición de *certiorari*, pág. 3.

## II

Dispone el Art. V, Sec. 6, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 357, que:

> *El Tribunal Supremo* adoptará, para los tribunales, reglas de evidencia y de procedimiento civil y criminal que no menoscaben, amplíen o modifiquen derechos sustantivos de las partes. *Las reglas así adoptadas se remitirán a la Asamblea Legislativa* al comienzo de su próxima sesión ordinaria y regirán sesenta días después de la terminación de dicha sesión, salvo desaprobación por la Asamblea Legislativa, *la cual tendrá facultad, tanto en dicha sesión como posteriormente, para enmendar, derogar o complementar cualquiera de dichas reglas, mediante ley específica a tal efecto.* (Énfasis suplido.)

La Ley de la Judicatura,[5] por su parte, dispone en lo pertinente:

> El Tribunal Supremo adoptará para el Tribunal General de Justicia reglas de evidencia y de procedimiento civil y criminal, así como reglas para la administración de los tribunales, de conformidad con lo provisto por la Constitución del Estado Libre Asociado.

La correcta y ordenada tramitación de los asuntos que se ventilan a diario ante nuestros tribunales exige que, de ordinario, los mismos se lleven a cabo en forma uniforme conforme las Reglas de Evidencia y las Reglas de Procedimiento Civil y Criminal que estén vigentes en ese momento determinado. Esto es, *no* se puede permitir que en cada Sala de los tribunales de instancia se apliquen reglas de procedimiento distintas, ello sujeto a la discreción del magistrado que presida la misma. Aceptar dicha situación nos conduciría

---

[5] 4 L.P.R.A. sec. 2.

a un caos judicial. *Sucn. Carderaros v. Tribunal Superior*, 103 D.P.R. 721 (1975).

Lo anteriormente expresado *no* quiere decir ni significa que los tribunales no tengan poder o facultad inherente para establecer o suplir en un caso determinado un "procedimiento especial" para lidiar con una situación en particular. Dicha facultad, sin embargo, se le reconoce cuando el procedimiento "no existe o bien cuando inadecuadamente se fija por estatuto" y *"siempre y cuando que el mismo no sea inconsistente con las disposiciones de ley . . .".* (Énfasis suplido.) *González v. Tribunal Superior*, 75 D.P.R. 585 (1953).

La última ocasión en que este Tribunal tuvo la oportunidad de expresarse respecto a esta materia lo fue en *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989). En dicho caso —al resolver que los señores jueces de las Salas de Menores del Tribunal Superior de Puerto Rico tenían facultad para aprobar unas reglas de procedimiento para asuntos de menores ante la situación de que no existían reglas algunas que regularan dichos procedimientos— expresamos que resolver "lo contrario significaría no sólo la denegación del poder inherente de todo tribunal, *en ausencia de un procedimiento específico*, de reglamentar y encausar un asunto ante su consideración, *Meléndez v. Levitt & Sons of P.R.*, [104 D.P.R. 797 (1976)], sino que resultaría en la absurda situación de tener en vigor una ley de menores que no hubiera podido implantarse *por razón de existir un 'vacío procesal'".* (Énfasis suplido.) *Pueblo en interés menor R.G.G.*, ante, págs. 453–454.

De lo reseñado surge, con meridiana claridad, que *son dos los requisitos* para que un tribunal pueda establecer, o suplir, nuevos procedimientos "en el ejercicio de su facultad inherente" a esos efectos: (a) cuando no existe procedimiento alguno, o el previsto por estatuto es inadecuado, y (b) siempre y cuando que el nuevo procedimiento establecido no sea

inconsistente o contrario a las disposiciones de ley o de reglamento vigentes.

## III

En cuanto al caso que hoy ocupa nuestra atención, procede que nos preguntemos en consecuencia, *en primer lugar*, si las Reglas de Procedimiento Criminal vigentes contienen unas "lagunas o deficiencias" respecto a la materia de la solicitud de juicio por jurado y, *en segundo lugar*, si los procedimientos establecidos por el tribunal de instancia en el presente caso son inconsistentes o contrarios a las normas reglamentarias vigentes.

La primera interrogante es de fácil contestación. No creemos que exista un cuerpo de reglas en el mundo en que vivimos que sea tan completo que no contenga alguna que otra laguna o deficiencia y, en consecuencia, que no admita una que otra bien pensada enmienda. La interrogante verdaderamente importante es la segunda. Tenemos que tener sumo cuidado que en nuestro afán individual por mejorar el sistema judicial nuestro —el cual, definitivamente, lo necesita— no cometamos el error de tratar de incorporar nuevos procedimientos que, por más convenientes que resulten, sean contrarios a los establecidos por ley y, en consecuencia, violatorios del debido procedimiento de ley.

Conforme al Art. II, Sec. 11 de nuestra Constitución, L.P.R.A., Tomo 1, toda persona que sea acusada en nuestra jurisdicción de la supuesta comisión de un delito grave tiene el derecho a que el juicio en su contra se ventile ante un Jurado, esto es, ante doce personas vecinas del distrito judicial donde se cometieron los hechos, los cuales serán los que decidirán si el acusado es inocente o culpable mediante veredicto al efecto, en el cual concurran no menos de nueve de ellos. Por su parte, la Regla 111 de Procedimiento Criminal de 1963 (34 L.P.R.A. Ap. II) ratifica ese derecho a juicio por jurado en casos de delito grave y lo amplía a los casos de

delitos menos graves que fueren también de la competencia del Tribunal de Distrito, y en que se presente originalmente el pliego acusatorio ante el Tribunal Superior, excepción hecha por lo dispuesto en leyes especiales.

Como hemos visto, el tribunal de instancia requiere de los acusados que éstos, si es que interesan ver los casos por jurado, así lo notifiquen "al Tribunal con diez (10) días de antelación al juicio para que se puedan realizar los arreglos administrativos necesarios para tener disponibles los candidatos a jurado". Apéndice, pág. 6.

¿Resulta ser dicha exigencia una válida en derecho? Sostenemos que no; ello por razón de que la misma no sólo es inconsistente con, y contraria a, las disposiciones expresas de la Regla 111 de Procedimiento Criminal de 1963, ante, sino porque dicha exigencia constituye, a todos los efectos, una "condición impermisible" al ejercicio del derecho constitucional a juicio por jurado.

La citada Regla 111 de Procedimiento Criminal de 1963 —luego de ser enmendada en el 1986—[6] dispone:

REGLA 111. DERECHO A JUICIO POR JURADO Y SU RENUNCIA

Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal Superior y fueren también de la competencia del Tribunal de Distrito habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho a juicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo

_____

[6] Conforme la Exposición de Motivos de la Ley Núm. 86 de 9 de julio de 1986, la enmienda realizada tuvo el propósito de incorporar al texto de la regla la jurisprudencia de este Tribunal a los efectos de que, una vez comenzado el proceso, el juez goza de discreción para aceptar o no la renuncia.al derecho a juicio por jurado y para que, en esta situación, el fiscal tenga que dar su consentimiento.

que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.

*El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación.* Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público. (Énfasis suplido.) 34 L.P.R.A. Ap. II.

¿Qué significado o consecuencia tiene el hecho de que la transcrita disposición legal disponga que el tribunal *podrá conceder* al acusado el juicio por jurado *en cualquier fecha* posterior a la lectura de la acusación? En nuestra opinión ello tiene, cuando menos, dos consecuencias: (1) que *el acusado*, a su vez, tiene el derecho *a solicitar* juicio por jurado en *cualquier fecha* posterior al acto de la lectura del pliego acusatorio, y (2) que ello significa e incluye *el derecho* a solicitar el juicio por jurado *el mismo día del juicio.*

La razón de ser de lo antes expuesto no necesita mucho pensamiento ni mucha elaboración. Se trata de un derecho garantizado por la Constitución. La *reglamentación razonable* de dicho derecho compete, en primer término, a la Asamblea Legislativa. Al así hacerlo, y en el descargo de su responsabilidad, la Legislatura tuvo a bien establecer —mediante la citada Regla 111 de Procedimiento Criminal de 1963— que ese derecho podía ser reclamado y solicitado por los acusados *aun el día del juicio.* Los tribunales de instancia ciertamente no tienen la facultad o el poder para reglamentar ese derecho en forma contraria a lo dispuesto por la referida Asamblea Legislativa.

Eso es, precisamente, lo que intenta hacer el tribunal de instancia al exigir que los acusados le notifiquen, con diez días de anticipación a la fecha del juicio, de su intención de ver el caso por jurado. *Dicha exigencia no puede prevalecer por cuanto es contraria a, e inconsistente con, las disposi-*

*ciones expresas de la citada Regla 111 de Procedimiento Criminal de 1963 y limita, arbitrariamente, el ejercicio del derecho a juicio por jurado garantizado por la Constitución.* La misma constituye un subterfugio o intento solapado de condicionar y presionar, *de manera impermisible*, el ejercicio del derecho a juicio por jurado. No debe perderse de vista el hecho de que, siendo el *alegado* propósito de dicha "notificación" el garantizar que haya suficientes candidatos a jurados disponibles el día del juicio, la consecuencia lógica e inescapable de no cumplir con la notificación requerida será que el tribunal no contará con suficientes jurados en dicho día, por lo que podría verse afectado el derecho de éste a juicio por jurado, su derecho a juicio rápido y hasta su libertad.(7)

Es por ello que disentimos.

---

(7) El documento sobre "Advertencias y Requerimientos" (apéndice, págs. 6–7) *no* especifica qué consecuencias tendrá el hecho de que el acusado no cumpla con el requisito de notificación en controversia; esto es, si se entendería incurso en desacato, ejerciéndose de esta forma indebida presión sobre el acusado para que tome una decisión de tan trascendental importancia como lo es el que se vea su caso ante tribunal de derecho o ante Jurado, lo que causaría que la renuncia que de dicho derecho se llevare a cabo sea nula por no ser ésta una libre y voluntariamente realizada; si se entendería que ha habido una renuncia tácita al derecho a juicio por jurado, lo cual a nuestro entender sería claramente inconstitucional, y si al tener que posponerse la vista por el incumplimiento del acusado, se entendería renunciado su derecho a juicio rápido.