EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Joseph Esparra Álvarez<br><br>Recurrido | Certiorari<br><br>2016 TSPR 222<br><br>196 DPR ____ |

Número del Caso: CC-2015-914

Fecha: 31 de octubre de 2016

Tribunal de Apelaciones:

Región Judicial de Mayagüez-Aguadilla, Panel XI

Abogados de la parte Peticionaria:
Fiscal Especial Independiente

Lcdo. Ramón Mendoza Rosario
Lcda. Zulma I Fuster Troche

Abogado de la parte Recurrida:

Lcdo. Alfredo Ortiz Rivera

Materia: Procedimiento Criminal: Requisitos para que proceda el traslado de un proceso criminal a otra Región Judicial. Regla 81 del Procedimiento Criminal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                     CC-2015-914       Certiorari

Joseph Esparra Álvarez

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 31 de octubre de 2016.

> Los tribunales de justicia tenemos el deber de velar porque la "balanza" en que se pesan los derechos de todos nuestros conciudadanos esté siempre libre de sospechas, aun cuando las mismas sean infundadas.[1]

A la luz de estos pronunciamientos jurisprudenciales, la presente controversia nos exige fortalecer aquella normativa dirigida a procurar que los procesos judiciales se efectúen sin sombras de parcialidad y, por consiguiente, afirmar la necesidad de utilizar los mecanismos provistos por nuestro ordenamiento, cuando existan circunstancias

---

[1] Sucn. Ortiz Ortiz v. Campoamor Redín, 125 DPR 106, 109 (1990).

particulares que pudieran amenazar la pureza que debe regir los procedimientos. Ello nos conduce a concluir que en consideración al contexto particular que caracterice un caso, el traslado puede ser el recurso adecuado para garantizar la imparcialidad que debe imperar en las causas judiciales y, de esa forma, proteger los derechos que cobijan a **todas** las partes involucradas.

I

Como consecuencia de unos alegados hechos acaecidos durante el 2002 y el 2012, contra el Lcdo. Joseph E. Esparra Álvarez (licenciado Esparra Álvarez) se presentaron varios cargos criminales. En específico, se le imputa infringir los Arts. 4.2(b) y 4.2(c) de la Ley de Ética Gubernamental de Puerto Rico de 2011, 3 LPRA secs. 1857a(b) y 1857a(c), el Art. 3.2(c) de la Ley de Ética Gubernamental de Puerto Rico de 1985, derogada, 33 LPRA ant. sec. 1822(c), y los Arts. 262 y 291 del Código Penal de 2004, 33 LPRA ants. secs. 4890 y 4919.

Tras diversos incidentes procesales, incluido el señalamiento para comenzar la desinsaculación del jurado, la Oficina del Panel sobre el Fiscal Especial Independiente (FEI), instó un extenso escrito intitulado *Moción Solicitando Traslado del Caso*. Ello, al amparo de la Regla 81 de Procedimiento Criminal, 34 LPRA Ap. II, R. 81, y pronunciamientos jurisprudenciales de este Tribunal.

En su moción, el FEI expuso varios factores que, a su juicio, requerían el traslado del caso criminal contra el

licenciado Esparra Álvarez de la Sala Superior de Aguadilla. En síntesis, señaló que en el proceso penal federal que se efectuó contra el ex juez Manuel Acevedo Hernández (ex juez Acevedo Hernández) se discutieron y detallaron hechos pertinentes pendientes de adjudicación en el presente caso. Adujo que durante ese proceso surgieron serios señalamientos sobre el proceder del licenciado Esparra Álvarez.

A su vez, el FEI indicó que durante aproximadamente una década el licenciado Esparra Álvarez ha ejercido funciones como Fiscal Auxiliar en la jurisdicción de Aguadilla, en donde ha participado en diversos procesos judiciales de impacto público. Inclusive, manifestó que en el 2011 éste fue nombrado como Fiscal de Distrito Interino de la Fiscalía de Aguadilla, puesto que ocupó hasta el 2012. A tales efectos, el FEI alegó que, como mínimo, resultaba problemático procesar al licenciado Esparra Álvarez -por delitos relacionados directamente con sus funciones como fiscal en la jurisdicción de Aguadilla- en el mismo foro judicial en el cual se desempeñó como fiscal por tantos años.

De igual forma, el FEI sostuvo que el licenciado Esparra Álvarez es una persona de marcada influencia en la Región Judicial de Aguadilla. Planteó que como consecuencia natural de su antiguo puesto, éste conoció, interactuó y estableció amplios vínculos con los ciudadanos y funcionarios públicos de la mencionada región

y, en particular, con los empleados del Tribunal de Primera Instancia de Aguadilla. Por ende, el FEI expresó que con la sola presencia del licenciado Esparra Álvarez se afectaba la imparcialidad de los procesos y la selección del jurado. Además, destacó que el licenciado Esparra Álvarez mantiene relaciones de afinidad y amistad con el personal actual y pasado de la fiscalía de Aguadilla. Para ilustrarlo, mencionó que las respectivas cónyuges del licenciado Esparra Álvarez y del Lcdo. Luis A. Pérez Cabán, ex Fiscal de Distrito de Aguadilla, son primas.

Por último, el FEI señaló que el tamaño de la región judicial en cuestión debía ser otro factor a considerar al momento de evaluar la solicitud de traslado. En cuanto al particular, arguyó que se trata de un área territorial limitada donde prácticamente toda la comunidad jurídica se conoce, al igual que los vecinos del lugar. Expresó que ello era preocupante, ya que los principales testigos de cargo son abogados muy reconocidos en la aludida región.

Por todo lo anterior, el FEI sostuvo que en aras de garantizar la celebración de un proceso judicial justo e imparcial para todas las partes, procedía el traslado del caso. Argumentó que, de lo contrario, la celebración de un juicio justo e imparcial era imposible, ya que sería improbable obtener un jurado imparcial y libre de influencias extrañas en la referida región judicial.

Ante ello, el licenciado Esparra Álvarez presentó un escrito intitulado *Oposición a Solicitud de Traslado*. En éste, no refutó los planteamientos sustantivos del FEI y solamente adujo que la moción presentada no cumple con los requisitos aplicables, según las reglas procesales que rigen la solicitud de traslados. En específico, arguyó que la petición no está acompañada por declaraciones juradas que sustenten los hechos alegados. Señaló que la misma está amparada en creencias, opiniones o conclusiones con poco o ningún apoyo en los hechos. Según el licenciado Esparra Álvarez, el FEI no presentó prueba específica de las razones por las cuales en la Región Judicial de Aguadilla no puede celebrarse un juicio justo e imparcial. Afirmó que solo se exponen especulaciones indirectas sobre el particular.

Asimismo, el licenciado Esparra Álvarez expresó que la notoriedad del caso no es motivo suficiente para socavar su derecho a que el proceso judicial en su contra se dirima en la jurisdicción donde ocurrieron los alegados hechos. Del mismo modo, invocó su derecho constitucional a que el caso se ventile ante un jurado compuesto por vecinos del distrito judicial donde alegadamente acaecieron los hechos imputados. Indicó que ello es parte de su garantía a obtener un juicio justo e imparcial.

En fin, el licenciado Esparra Álvarez argumentó que en vista de la extensión territorial del País, conjuntamente con los avances en la tecnología y los

medios de comunicación, existen otros mecanismos, distintos a un traslado, para asegurar la celebración de un juicio justo e imparcial. Con relación a ello, manifestó que el foro primario realizó actos afirmativos dirigidos a garantizar la imparcialidad y pureza del proceso. Amparado en lo anterior, el licenciado Esparra Álvarez solicitó que se denegara la solicitud de traslado interpuesta por el FEI y se ordenara la continuación de los procedimientos en la jurisdicción de Aguadilla.

Oportunamente, el FEI juramentó ante la Secretaría los fundamentos contenidos en su solicitud de traslado y presentó una *Moción en Contestación a Oposición de Traslado*. En ésta, reiteró que la Región Judicial de Aguadilla no es el lugar apropiado para ventilar el caso de epígrafe, por las circunstancias particulares que éste presenta. Sostuvo que en esa región no puede obtenerse un juicio justo e imparcial para ninguna de las partes. De esta forma, hizo hincapié en que el mecanismo del traslado salvaguarda ese derecho.

Ponderados los argumentos de las partes, el 14 de julio de 2015, el Tribunal de Primera Instancia emitió una Resolución mediante la cual denegó la solicitud de traslado incoada por el FEI.[2] En síntesis, concluyó que el hecho de que el licenciado Esparra Álvarez laboró como

---

[2]Esta determinación fue emitida por el Hon. Lind O. Merle Feliciano, ex Juez Administrador de la Región Judicial de Caguas, quien está asignado a presidir el juicio contra el Lcdo. Joseph E. Esparra Álvarez.

fiscal en la región donde se le acusa, no le concede ventaja o influencia indebida en la toma de decisiones judiciales. Dictaminó que los vínculos del licenciado Esparra Álvarez con la comunidad donde ejerció sus funciones como fiscal, y actualmente litiga como abogado, no puede ser motivo, por sí solo, para trasladar el caso. De igual forma, expresó que ha implementado medidas y tomará salvaguardas adicionales, según lo ameriten las circunstancias, para garantizar que el proceso judicial sea justo e imparcial. Ello, según razonó, a pesar de la evidente notoriedad del caso.

Acto seguido, el foro primario enumeró una serie de garantías implementadas y otras que pondrá en vigor, a saber: (1) el Juez que preside los procesos no ejerce funciones en la Región Judicial de Aguadilla; (2) el personal que labora en la Sala donde se celebrarán los procedimientos no tiene relación con las partes, testigos o abogados del caso. Éstos fueron seleccionados mediante entrevista por el Juez que preside los procesos; (3) se utilizará el método largo en la selección de los miembros del jurado; (4) el tribunal realizará un examen riguroso de todos los candidatos a jurado y tanto el Ministerio Público como la representación legal del imputado podrán examinarlos de igual forma; (5) de ser necesario, los candidatos a jurado serán evaluados de forma individual; (6) el foro judicial se reserva la discreción de conceder perentorias adicionales a las concedidas por las Reglas de

Procedimiento Criminal; (7) se impartirán instrucciones al jurado con relación al manejo de los medios noticiosos; (8) se ordenará el secuestro del jurado al momento de deliberar; (9) la custodia y manejo del expediente del caso será responsabilidad exclusiva de la Secretaria Regional y de la Secretaria del Tribunal Confidencial I (Supervisora del área de lo Criminal); (10) se solicitará al Juez Administrador Regional que imparta instrucciones a los empleados del foro judicial de Aguadilla para evitar situaciones que pudieran interpretarse como un trato especial a las partes y/o testigos; y (11) en caso de que con las medidas tomadas no pueda obtenerse un jurado imparcial, el foro judicial permitirá que se vuelva a presentar, por cualquiera de las partes, la solicitud de traslado. A la luz de lo anterior, el Tribunal de Primera Instancia determinó que las medidas adoptadas eran suficientes para salvaguardar tanto los derechos del acusado como la transparencia del proceso, por lo que no era necesario el traslado peticionado.

En desacuerdo con lo resuelto, el FEI acudió ante el Tribunal de Apelaciones. Tras evaluar el recurso presentado, el 28 de septiembre de 2015, el foro apelativo intermedio emitió una Resolución mediante la cual denegó su expedición. En lo pertinente, razonó que la determinación en cuanto a la necesidad de traslado reside en la discreción del foro primario, ya que éste conoce las interioridades del caso y está en mejor posición de

atender las alegaciones planteadas por el FEI. Del mismo modo, dictaminó que no era el momento propicio para atender el reclamo del FEI, toda vez que no presentó hechos específicos que demuestren parcialidad en el manejo del caso o en la eventual selección del jurado.

Inconforme con ese proceder, el FEI recurre ante este Tribunal mediante recurso de *certiorari*. Plantea como señalamiento de error que el foro apelativo intermedio incidió al denegar la expedición de su recurso y no atender los méritos de su solicitud de traslado. En su comparecencia, el FEI aduce que debido a las circunstancias particulares que presenta el caso de epígrafe se requiere su traslado a otra región judicial donde pueda garantizarse el derecho a un juicio justo e imparcial que le asiste a ambas partes en el proceso. Si bien el FEI reconoce las medidas tomadas por el foro primario, sostiene que éstas no son suficientes para asegurar la pureza e imparcialidad del proceso.

En apoyo a su planteamiento, el FEI argumenta que la selección de un jurado imparcial y libre de influencias extrañas en la Región Judicial de Aguadilla resultará imposible. Señala que esa región no es apropiada para garantizar un juicio justo e imparcial debido al contacto que han tenido los potenciales jurados con los hechos e interioridades del caso. Finalmente, reitera que al momento de evaluar la solicitud de traslado se debe considerar la limitada demarcación territorial que

caracteriza la región judicial en cuestión; que el licenciado Esparra Álvarez actualmente mantiene vínculos con ciudadanos, funcionarios públicos y empleados del tribunal de Aguadilla; que éste es muy influyente en la región como consecuencia natural de su antiguo puesto; que actualmente litiga casos en esa misma Región Judicial, desembocando en la particular situación de que en la misma sala judicial el licenciado Esparra Álvarez figura como acusado y en otro turno como abogado defensor; y que va a ser juzgado por alegados hechos delictivos cometidos en sus funciones como fiscal y relacionados directamente con sus quehaceres en el foro judicial del mencionado municipio.

En atención a lo anterior, el 26 de febrero de 2016, emitimos una Resolución mediante la cual le concedimos veinte (20) días al licenciado Esparra Álvarez para que mostrara causa por la cual no debíamos revocar el dictamen del foro apelativo intermedio. Oportunamente, éste compareció mediante *Escrito en Cumplimiento de Orden de Mostrar Causa*.

En su escrito, el licenciado Esparra Álvarez reproduce los argumentos esgrimidos ante los foros recurridos. En otras palabras, aduce que la petición instada por el FEI incumple con los requisitos procesales para solicitar el traslado de un caso. Del mismo modo, arguye que la solicitud está fundamentada en opiniones, creencias o generalidades que no encuentran apoyo en los

hechos. Indica que el FEI no ha presentado evidencia específica para sostener el argumento de que en la jurisdicción de Aguadilla no podrá efectuarse un juicio justo e imparcial. Así pues, expresa que los fundamentos de la petición de traslado no ameritan que se violente su derecho constitucional a que el caso se ventile ante un jurado compuesto por ciudadanos del distrito judicial donde se alega ocurrieron los hechos que se le imputan.

Oportunamente, el FEI presentó un escrito intitulado *Moción en Contestación a Escrito en Cumplimiento de Orden*. En éste, reitera los fundamentos planteados ante los foros recurridos.

Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia que nos ocupa.

## II

En nuestro ordenamiento jurídico, de ordinario, un acusado debe ser juzgado en el distrito judicial donde se alega cometió el delito y, en caso de que éste sea grave, frente a un jurado compuesto por vecinos de la comunidad. Esto último, toda vez que la Constitución de Puerto Rico consagra el derecho de todo imputado a que en procesos por delito grave su juicio se ventile ante un jurado imparcial, compuesto por doce vecinos del distrito judicial.[3] *Véanse* Art. II, Sec. 11, Const. ELA, LPRA, Tomo

---

[3] Adviértase que, en ciertas circunstancias, el derecho a juicio por jurado también se extiende al acusado de delito menos grave. Pueblo v. Rosario, 160 DPR 592, 602-603 (2003); Pueblo v. Cruz Correa, 121 DPR 270, 276 (1988); *véase*, además, E.L. Chiesa Aponte, Derecho

1, ed. 2008, pág. 343; Emda. VI, Const. EE. UU., LPRA, Tomo 1, ed. 2008, pág. 196; *véanse*, además, Pueblo v. Rodríguez Traverzo, 185 DPR 789, 797 (2012); Pueblo v. Rosario, 160 DPR 592, 602 (2003); E.L. Chiesa Aponte, *Los derechos de los acusados y la factura más ancha*, 65 Rev. Jur. UPR 83 (1996). De esta forma, nuestra Carta Magna eleva a categoría fundamental el derecho a ser juzgado por doce vecinos imparciales –libres de influencias extrañas– del distrito judicial correspondiente al lugar donde alegadamente ocurrieron los hechos imputados. Pueblo v. Rodríguez Traverzo, *supra*, pág. 797; Pueblo v. Medina, Miró, 170 DPR 628, 643 (2007); Pueblo v. Sánchez Pérez, 122 DPR 606, 609 (1988); *véanse*, además, Reglas 111 y 112 de Procedimiento Criminal, 34 LPRA Ap. II, Rs. 111 y 112. En ocasión de examinar el derecho a juicio por jurado, este Tribunal señaló que su esencia responde a que el acusado sea juzgado por un grupo representativo de la comunidad en que reside, para que así se garantice la imparcialidad del proceso. Pueblo v. Rodríguez Zayas, 137 DPR 792, 797 (1995); Pueblo v. Laboy, 110 DPR 164, 167 (1980); *véase*, además, E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Tomo III, Ed. Forum, 1992, págs. 369-370.

Ahora bien, en repetidas ocasiones este Tribunal ha sostenido que la cláusula constitucional que garantiza el

_____

Procesal Penal de Puerto Rico y Estados Unidos, Tomo II, Ed. Forum, 1992, págs. 273-274.

derecho a un juicio por jurado compuesto por vecinos del distrito judicial no es absoluta. Pueblo v. Hernández Santana, 138 DPR 577, 583 (1995); Pueblo v. Santiago Acosta, 121 DPR 727, 735 (1988); Pueblo v. Chaar Cacho, 109 DPR 316, 325 (1980); *véase*, además, Chiesa Aponte, *supra*. Ello pues, en circunstancias particulares ese derecho no impide el traslado de ciertos casos a otros distritos judiciales. Pueblo v. Chaar Cacho, *supra*, pág. 325. De hecho, este Tribunal ha afirmado que un traslado puede ser el mecanismo apropiado para conciliar los conflictos que puedan surgir entre la garantía constitucional a un juicio por jurado compuesto por vecinos del distrito y el mandato constitucional de un juicio justo e imparcial. Pueblo v. Santiago Acosta, *supra*, pág. 735; *véase*, además, Rideau v. State of La, 373 US 723 (1963). No podemos olvidar que este Tribunal ha resuelto que no solo el imputado de delito tiene derecho a un juicio justo e imparcial; al Estado también le cobija esa garantía, ya que, como es sabido, éste representa los intereses de la ciudadanía en los procesos penales. Pueblo v. Hernández Santana, *supra*, pág. 584. Por ende, al igual que el imputado, el Estado tampoco puede quedar desprovisto de un juicio justo e imparcial.

**III**

En armonía con lo anterior, la Regla 81 de Procedimiento Criminal, 34 LPRA Ap. II, R. 81, expresamente reconoce la facultad de los foros judiciales

de ordenar el traslado de un caso cuando existan situaciones que lo ameriten y requieran. A tales efectos, la precitada regla permite que tanto el Estado como el acusado soliciten el traslado de una causa criminal al amparo de los siguientes fundamentos: (1) cuando por cualquier razón, que no sea uno de los criterios para solicitar la inhibición de un juez, no pueda obtenerse un juicio justo e imparcial; (2) cuando no pueda obtenerse un juicio justo e imparcial por razón de desorden público; (3) cuando esté en peligro la vida del acusado o algún testigo; o (4) cuando no pueda obtenerse un jurado. Íd. La respectiva petición de traslado debe hacerse por escrito, expresar los fundamentos en que se basa y apoyarse en declaración jurada. *Véase* Regla 82 de Procedimiento Criminal, 34 LPRA Ap. II, R. 82.

Aunque, de ordinario, procede el traslado por cualquiera de los fundamentos enumerados, este Tribunal ha hecho hincapié en que lo determinante al momento de considerar una solicitud bajo la Regla 81, es la garantía constitucional de un juicio justo e imparcial. Pueblo v. Sánchez Pérez, *supra*, pág. 615; Pueblo v. Santiago Acosta, *supra*, págs. 735-736. En ese sentido, se ha resuelto que al evaluar una petición de traslado, se deben considerar varios factores, a saber: (1) el tamaño de la comunidad; (2) la naturaleza y alcance de la publicidad del caso; (3) la identidad, reputación y posición en la comunidad tanto del acusado como de las víctimas; (4) la gravedad de las

ofensas; y (5) la dificultad en obtener un panel de jurados. Pueblo v. Rodríguez Zayas, *supra*, pág. 798; Pueblo v. Santiago Acosta, *supra*, pág. 736; *véase*, además, D. Nevares-Muñiz, Sumario de Derecho Procesal Penal puertorriqueño, 10ma ed., Instituto para el Desarrollo del Derecho, Inc., 2014, pág. 279. Por su parte, este Tribunal también ha dictaminado que en casos en que se solicite el traslado debido a la notoriedad del caso, deberá determinarse si -a pesar de la notoriedad del mismo- pueden encontrarse jurados que rindan un veredicto justo e imparcial. Pueblo v. Rodríguez Zayas, *supra*, pág. 798; Pueblo v. Sánchez Pérez, *supra*, pág. 617; Maldonado v. Corte, 71 DPR 537, 545 (1950).

Las situaciones mencionadas no son las únicas a considerar para autorizar un traslado. Ello pues, la Regla 16 de las Reglas para la Administración de los Tribunales de Primera Instancia establece otros fundamentos bajo los cuales se puede ordenar un traslado, a saber:

> A. Cuando cualquier empleado o empleada, funcionario o funcionaria, juez o jueza de una región judicial sea parte en litigios que se hayan presentado o que vayan a presentarse en la sala en que laboran, el Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente, de concluir que es necesario para proteger la imagen de imparcialidad del sistema judicial, trasladará el caso a otra sala o coordinará su traslado a la Región Judicial geográficamente más cercana con el Juez Administrador o la Jueza Administradora correspondiente. Una vez autorizado el traslado, se tomarán las medidas necesarias para que el asunto judicial sea atendido de manera expedita, según lo requieran las circunstancias particulares del caso.

B. De tratarse de un caso de naturaleza criminal, una vez tenga conocimiento de la situación el Juez Administrador o la Jueza Administradora de la Región Judicial, informará de ello al Fiscal o a la Fiscal de Distrito y a la representación legal de la persona imputada. 4 LPRA Ap. II-B, R. 16.

**A.**

Resulta pertinente subrayar que la petición de traslado no puede concederse mediante un análisis liviano. Pueblo v. Rodríguez Zayas, *supra*, pág. 798; Pueblo v. Sánchez Pérez, *supra*, pág. 614. Esto, ya que la presunción es que no existe perjuicio contra ninguna de las partes en el distrito judicial donde se está ventilando el caso, por lo que el peso de la prueba para justificar que el traslado es necesario recae sobre quien lo solicita. Pueblo v. Sánchez Pérez, *supra*, pág. 614; Pueblo v. Dumas, 82 DPR 416, 464 (1961); Maldonado v. Corte, *supra*, pág. 542. De esta manera, la parte que peticiona el traslado tiene que presentar prueba de hechos específicos y concretos que evidencien el supuesto perjuicio. Pueblo v. Rodríguez Zayas, *supra*, pág. 798; Pueblo v. Sánchez Pérez, *supra*, pág. 617; Maldonado v. Corte, *supra*, pág. 542. Meras opiniones, creencias o conclusiones no son suficientes para autorizar un traslado. Maldonado v. Corte, *supra*, pág. 542.

Cabe enfatizar que la determinación en cuanto a la necesidad del traslado debe estar fundamentada en los hechos de cada caso en particular y descansará en la sana discreción del foro judicial. Pueblo v. Rodríguez Zayas,

*supra*, pág. 798; Pueblo v. Santiago Acosta, *supra*, pág. 736; Maldonado v. Corte, *supra*, pág. 546. En caso de que se conceda el traslado, el tribunal dictará una orden en la cual traslade la causa a la sala de la misma sección que fuere la propia o a la más convenientemente situada, donde pueda celebrarse un juicio justo e imparcial. *Véase* Regla 83 de Procedimiento Criminal, 34 LPRA Ap. II, R. 83.

Expuesta la normativa jurídica pertinente, procedemos a resolver la presente controversia.

**IV**

A la luz del trasfondo fáctico expuesto, este caso requiere que examinemos el pedido del FEI, quien cuestiona la denegatoria de los tribunales recurridos a trasladar el proceso criminal que pende contra el licenciado Esparra Álvarez. La contención del FEI es que en la Región Judicial de Aguadilla resultará imposible la celebración de un juicio justo e imparcial. Esencialmente, sostiene que la notoriedad que ha cobrado el caso, la reputación y posición en la comunidad del licenciado Esparra Álvarez, así como la limitada extensión territorial de la referida región, hará improbable la selección de un panel de jurados imparcial. Aunque reconoce las salvaguardas tomadas por el foro primario, argumenta que éstas no son suficientes para asegurar la pureza del proceso.

Por su parte, el licenciado Esparra Álvarez arguye que la petición instada por el FEI incumple con los requisitos procesales. A su vez, señala que ésta no

presenta prueba específica de las razones por las cuales en la aludida región no pueda celebrarse un juicio justo e imparcial. De igual forma, el licenciado Esparra Álvarez alega que los planteamientos del FEI no son suficientes para minar su derecho a que el juicio en su contra se dirima en la jurisdicción donde alegadamente se cometieron los delitos imputados y ante un jurado compuesto por vecinos del distrito judicial.

Luego de aquilatar las posturas de las partes, concluimos que los argumentos esgrimidos por el FEI tienen mérito. Ello significa que en consideración a las circunstancias particulares que delimitan este caso, y en aras de garantizar la imparcialidad y proteger la pureza de los procedimientos, en beneficio de **todas** las partes involucradas, procede el traslado de la causa criminal de epígrafe. Nos explicamos.

**A.**

En el caso ante nos, el trasfondo fáctico y circunstancial expuesto por el FEI nos convence de que en la Región Judicial de Aguadilla no podrá efectuarse un proceso justo e imparcial, tal y como lo exige nuestra Carta Magna. Por ende, es necesario el traslado del caso, ya que mantenerlo en donde se ventila en la actualidad causaría perjuicio a **todas** las partes involucradas.

En el presente caso, constituye un hecho irrefutable que el licenciado Esparra Álvarez se desempeñó como fiscal por largos años en las salas criminales del foro judicial

de Aguadilla. Ello, sin duda, le ganó el reconocimiento público y reputación en la región, y el establecimiento de vínculos con ciudadanos, funcionarios públicos y empleados del mencionado tribunal. Tal reconocimiento y reputación se acentuó al discutirse ampliamente en los medios de comunicación generales y, sobre todo, en los medios locales de la Región Judicial de Aguadilla, los pormenores del caso penal federal contra el ex juez Acevedo Hernández. Dicha notoriedad se agrava al considerar la innegable limitada demarcación territorial característica de la Región Judicial de Aguadilla.

Evidentemente, todo lo anterior pone en entredicho la exigencia constitucional de obtener un jurado imparcial, libre de influencias extrañas, y celebrar un juicio justo e imparcial. Ante ello, y en beneficio de **todas** las partes involucradas, venimos llamados a evitar que se menoscaben tales derechos. En estas circunstancias particulares, las garantías de entronque constitucional -entiéndase la obtención de un jurado imparcial y la celebración de un juicio justo e imparcial- toman preminencia sobre aspectos estatutarios de índole formales. Máxime, cuando nuestro deber de trasladar casos para proteger la imagen de imparcialidad del sistema judicial no puede quedar al arbitrio de las partes. Ciertamente, las particularidades que enmarcan esta controversia activan el deber y la adecuacidad de trasladar el caso a otra región judicial.

Aunque valoramos las medidas tomadas por el foro primario -ya que correctamente se amparó en precedentes de este Tribunal- concluimos que ante la coyuntura histórica que enfrentamos y que atraviesa particularmente este caso, éstas no son suficientes para garantizar la imparcialidad y pureza que debe imperar en el proceso. Ignorar esa realidad no abonaría a la confianza de la ciudadanía en sus instituciones judiciales y no contribuiría a fortalecer nuestra política institucional de procurar que los procesos judiciales se efectúen sin sombras de parcialidad.

Reconocemos que el juzgador del foro primario trabajó con las herramientas jurisprudenciales existentes. Ahora bien, compete a este Tribunal, en el descargo de su deber y responsabilidad de pautar el derecho, procurar la celebración de un juicio justo e imparcial, en beneficio de **todas** las partes involucradas. Sin duda, tal proceder es parte del deber ineludible del Poder Judicial.

Nótese que el concepto de confianza pública se incorporó por primera vez como un imperativo en el Plan Estratégico de la Rama Judicial 2016-2019. *Véase* Plan Estratégico de la Rama Judicial de Puerto Rico 2016-2019, pág. 38. Esto, bajo el fundamento de que la legitimidad del sistema de justicia se garantiza cuando el juez y la jueza resuelven en forma eficaz, eficiente, transparente, honrada e imparcial, elementos que dan credibilidad al proceso judicial. Íd. Esta Opinión contribuye a que ese

imperativo estratégico propuesto por la Rama Judicial sea una realidad.

Ante el cuadro descrito, es forzoso concluir que procede el traslado del caso de epígrafe. Así lo ameritan y exigen las circunstancias particulares que lo caracterizan. Con ello, hacemos hincapié en la importancia de velar porque los procesos judiciales se efectúen libres de cualquier sospecha de parcialidad y de utilizar los mecanismos dispuestos en nuestro ordenamiento cuando ello se ve amenazado.

## V

En virtud de los preceptos expuestos, expedimos el recurso de *certiorari* presentado por el FEI y revocamos el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, ordenamos el traslado del caso de autos al Tribunal de Primera Instancia, Sala Superior de Ponce. Así las cosas, remitimos el caso al foro primario de Aguadilla para que coordine el correspondiente traslado, conforme a lo aquí dictaminado.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                   CC-2015-914      Certiorari

Joseph Esparra Álvarez

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el recurso de *certiorari* presentado por el FEI y se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se ordena el traslado del caso de autos al Tribunal de Primera Instancia, Sala Superior de Ponce. Así las cosas, se remite el caso al foro primario de Aguadilla para que coordine el correspondiente traslado, conforme a lo aquí dictaminado.

Notifíquese inmediatamente por teléfono, correo electrónico y por la vía ordinaria.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino. La Juez Asociada señor Rodríguez Rodríguez no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo