EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Neftalí Ortiz Colón<br><br>Peticionario | Certiorari<br><br><br>2021 TSPR 6<br><br>205 DPR \_\_\_\_\_ |

Número del Caso:  CC-2021-0071


Fecha:  22 de enero de 2021


Tribunal de Apelaciones:

    Panel IV


Abogado de la parte peticionaria:

    Lcdo. Jesús Miranda Díaz
    Lcdo. Alex Ramos Díaz


Materia: Resolución del Tribunal con Voto Particular Disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Recurrido

       v.                      CC-2021-071       *Certiorari*

Neftalí Ortiz Colón

   Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico a 22 de enero de 2021.

Examinada la petición *de certiorari* y la *Moción urgente solicitando remedios en auxilio de jurisdicción* presentadas por la parte peticionaria, se provee no ha lugar a ambas.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hubiese expedido ambos recursos. El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al que se une el Juez Asociado señor Feliberti Cintrón.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Neftalí Ortiz Colón<br><br>Peticionario | CC-2021-0071 | Certiorari |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ al cual se une el Juez Asociado señor FELIBERTI CINTRÓN

San Juan, Puerto Rico, a 22 de enero de 2021.

La adecuada administración de la justicia requería conceder el auxilio de jurisdicción solicitado por el peticionario, para así evitar que el juicio por tribunal de derecho comience el próximo lunes, 25 de enero de 2021. Ello, a pesar de que oportunamente invocó la norma de Ramos v. Lousiana, infra. La determinación adoptada por una mayoría de este Tribunal no es la más garante del derecho a juicio por jurado. Permite un escenario en el que se mantiene en incertidumbre la controversia sustantiva en el Tribunal de Apelaciones y simultáneamente comenzará un juicio por tribunal de derecho, el cual debe ser por jurado. Ante ese cuadro, disiento y expongo las razones por las cuales al peticionario le asiste la razón.

# I

Ante un estado de derecho distinto al que permea en el día de hoy, el Sr. Neftalí Ortiz Colón (señor Ortiz Colón o peticionario) renunció a que su caso de ventilara ante un jurado. Sin embargo, previo al inicio del juicio, el estado de derecho cambió.

Tan reciente como el pasado mes de abril, en Ramos v. Louisiana, 590 US ___ (2020), el Tribunal Supremo de los Estados Unidos reconoció, como derecho fundamental de los acusados, el veredicto por unanimidad. A su vez, en Pueblo v. Torres Rivera II, 2020 TSPR 42, 204 DPR __ (2020), reconocimos la aplicación de tal norma de índole constitucional en nuestra jurisdicción y su aplicación a casos activos ante los tribunales.

Basado en esta nueva norma y, **previo a que el juicio comenzara**, el señor Ortiz Colón solicitó al foro primario dejar sin efecto la renuncia y revertir su derecho a juicio por jurado. No obstante, su solicitud fue denegada y se mantuvo el señalamiento para iniciar el juicio por tribunal de derecho, lo que está pautado para este próximo 25 de enero de 2021.

Insatisfecho, el señor Ortiz Colón acudió al Tribunal de Apelaciones. Además de su recurso de certiorari, presentó una moción en auxilio de jurisdicción. Mediante esta última, solicitó la paralización del inicio del juicio hasta tanto se atendiera su reclamo en los méritos. Es decir, evitar el inicio de un juicio por tribunal de

derecho cuando tenía un reclamo válido para que se le reconociera y aplicara su derecho fundamental a juicio por jurado.

Aun cuando tenía ante su consideración un reclamo válido en derecho, el Tribunal de Apelaciones denegó la solicitud de paralización. En consecuencia, concedió un término a la Oficina del Procurador General para que se expresara sobre el recurso de <u>certiorari</u> en los méritos. De este modo, siguió vigente el señalamiento del juicio por tribunal de derecho, mientras que seguía vivo el reclamo de un juicio por jurado.

Ante la proximidad del inicio del juicio en violación a su derecho fundamental, el señor Ortiz Colón se vio forzado a recurrir a este Alto Foro. Así, presentó un recurso de <u>certiorari</u> acompañado de la <u>Moción urgente solicitando remedios en auxilio de jurisdicción</u>. En ambos escritos, señala que el Tribunal de Apelaciones erró al no conceder la paralización del inicio del juicio, lo que vulneraría su derecho a juicio por jurado. Es por ello, que nos solicita e insiste que se paralice el inicio del juicio, mientras su planteamiento es atendido en los méritos.

Por entender que el señor Ortiz Colón tiene la razón, me fue imperativo emitir el presente Voto particular disidente.

**II**

A.

Sabido es que la Sexta Enmienda de la Constitución de Estados Unidos garantiza el derecho a un juicio por un jurado imparcial. Este derecho es uno fundamental que aplica a los estados y a Puerto Rico a través de la cláusula del debido proceso de ley de la Enmienda Decimocuarta. Pueblo v. Santana Vélez, 177 DPR 61, 65 (2009); véase, Duncan v. Louisiana, 391 US 145 (1968). Asimismo, la Constitución de Puerto Rico establece explícita y directamente que en los procesos por delito grave, el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce (12) vecinos. Const. PR, Art. II, Sec. 11. Cónsono con ello, la Regla 111 de Procedimiento Criminal, 34 LPRA Ap. II, instrumenta ese mandato.

Particularmente, el derecho a juicio por jurado consiste en que ese cuerpo compuesto de doce (12) vecinos escuchará la prueba, determinará la credibilidad de los testigos y la prueba documental, recibirá las instrucciones del Juez sobre la ley aplicable al caso y deliberará para determinar la culpabilidad o no culpabilidad del acusado. L. Rivera Román, Los derechos de los acusados en los procedimientos penales bajo la Constitución de Puerto Rico y los Estados Unidos, 46 Rev. Jur. U. Inter. PR 417, 438 (2012). Así, la esencia del derecho a juicio por jurado es que la persona acusada sea juzgada por un grupo representativo de la comunidad para

así garantizar la imparcialidad del proceso judicial. Pueblo v. Esparra Álvarez, 196 DPR 659, 669 (2016).

Ahora bien, al igual que otros derechos constitucionales, el derecho a juicio por jurado es renunciable. Expresamente, la Regla 111 de Procedimiento Criminal, supra, dispone que tal renuncia tiene que ser **expresa, inteligente y personalmente**. Esto se exige dado a que "el derecho fundamental a juicio por jurado es de rango constitucional, es parte del debido procedimiento de ley y provee corrientemente una garantía de tan alta categoría en el proceso de impartir justicia que no debe permitirse su renuncia sin que la persona afectada la haga personal e inteligentemente con pleno conocimiento de sus implicaciones y consecuencias". Pueblo v. Nazario Nieves, 100 DPR 232 (1971).

A su vez, la Regla 111 de Procedimiento Criminal, supra, especifica que, si la renuncia se produce una vez comenzado el juicio, es discrecional del juez aceptarla y se requiere el consentimiento del Ministerio Público.[1] Ahora bien, especifica que: "[e]l tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación". El ex Juez Asociado señor

---

[1] En el nuevo Proyecto de Reglas de Procedimiento Criminal, se propone descartar el consentimiento del Ministerio Público como requisito para permitir la renuncia a juicio por jurado, durante la celebración de este último, y limitarlo a escuchar su postura. Así, se aclara que, una vez comenzado el juicio, la aceptación a esta renuncia estaría sujeta exclusivamente a la discreción del juez o jueza que presida el juicio.

Rebollo López nos explica las implicaciones de ello como sigue:

> ¿Qué significado o consecuencia tiene el hecho de que la transcrita disposición legal disponga que el tribunal podrá conceder al acusado el juicio por jurado en cualquier fecha posterior a la lectura de la acusación? En nuestra opinión ello tiene, cuando menos, dos consecuencias: (1) que el acusado, a su vez, tiene el derecho a solicitar juicio por jurado en cualquier fecha posterior al acto de la lectura del pliego acusatorio, y (2) **que ello significa e incluye el derecho a solicitar el juicio por jurado el mismo día del juicio.** (Énfasis suplido). Pueblo v. Román Pizarro, 123 DPR 538 (1989) (Opinión disidente del Juez Asociado Rebollo López).

Existe un derecho constitucional al juicio por jurado, pero no así a su renuncia. Pueblo v. Borrero Robles, 113 DPR 387 (1982).[2] Por consiguiente, la concesión de un juicio por tribunal de derecho es más restrictivo que lo inverso. Así, si la renuncia a juicio por jurado se da una vez comenzado el juicio, está en la sana discreción del tribunal permitírselo. Íd. Precisamente, por ser un derecho con rango constitucional, no constituye violación del mismo el que el juzgador en el uso de su sana discreción se niegue a aceptar la renuncia a ese derecho luego de comenzada la vista del caso y la presentación de la prueba. Pueblo v. Rivera, Lugo y Almodóvar, 121 DPR 454 (1988). "Por el contrario, su

---

[2]En Pueblo v. Borrero Robles, 113 DPR 387 (1982), el acusado solicitó la celebración de su juicio por tribunal de derecho una vez tomada la juramentación preliminar del jurado.

negativa conlleva el disfrute del derecho que precisamente le garantiza la Constitución". Íd.

**Ahora bien, este Tribunal ha sido enfático en que la deferencia que se le reconoce al foro primario para denegar la solicitud de un juicio por tribunal de derecho no corre la misma suerte si se trata de una solicitud de juicio por jurado tras haberlo renunciando.** Pueblo v. Borrero Robles, supra, pág. 919. **En tal escenario, la discreción del foro primario será evaluada con mayor rigurosidad. Algunos de los criterios a considerar son: el momento en que se revierte la solicitud de un juicio por tribunal por derecho a uno por jurado (prontitud), la buena fe y la ausencia de obstrucción a la justicia.** Pueblo v. Torres Cruz, 105 DPR 914 (1977). Así, "si el acusado demuestra a la corte justas razones para que se le conceda el juicio por jurado, la corte puede en cualquier momento ejercitar su discreción a favor del acusado". Pueblo v. Hernández, 55 DPR 954 (1940).

### B.

Ahora bien, la controversia planteada por el señor Ortiz Colón no se limita a la renuncia al derecho a juicio por jurado, sino a la aplicación de una nueva norma de carácter constitucional penal.

Según adelanté, recientemente, el Tribunal Supremo de los Estados Unidos reconoció que la unanimidad en el veredicto de un jurado forma parte del derecho fundamental a un juicio por jurado imparcial, por lo que elevó

igualmente ese requisito a uno de naturaleza fundamental. Ramos v. Louisiana, 590 US ___ (2020). Por tratarse de un derecho fundamental, este nuevo requisito constitucional se extiende y aplica a los estados y a Puerto Rico. Así fue reconocido en Pueblo v. Torres Rivera II, 2020 TSPR 42, 204 DPR __ (2020), en el cual aplicamos por primera vez tal requisito constitucional en nuestra jurisdicción. A su vez, precisamos su aplicación a casos no finales y firmes.

**Como norma general**, una nueva norma constitucional de carácter penal se aplica retroactivamente a todos los casos que al momento de su adopción no hubieran advenido finales y firmes. Griffith v. Kentucky, 479 US 314 (1987).("**We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exceptions for cases in which the new rule constitutes a clear break with the past**".)[3] Esto ha sido reconocido y aplicado en nuestra jurisdicción en numerosas ocasiones. Véase, Pueblo v. González Cardona, 153 DPR 765 (2001); Pueblo v. Guerrido López, 179 DPR 950 (2010); Pueblo v. Thompson Faberllé, 180 DPR 497 (2010);

---

[3]Según adelanté en mis expresiones en Pueblo v. Torres Rivera, 2020 TSPR 42, 204 DPR __ (2020), existen excepciones a esa norma general mediante las cuales una nueva norma de carácter penal constitucional podría tener efecto retroactivo a casos ya finales y firmes. Véase, Teague v. Lane, 489 US 288 (1989).

Pueblo v. Santos Santos, 185 DPR 709 (2012); Pueblo v. Torres Irizarry, 199 DPR 11 (2017).

### III

A mi juicio, por tratarse de un derecho constitucional, debemos dirigir nuestros esfuerzos a protegerlo. Como pudimos apreciar, la renuncia a un juicio por jurado se tiene que sopesar de una manera más restrictiva que la renuncia a un juicio por tribunal de derecho. Precisamente, porque en el primer escenario está de por medio un derecho constitucional.

En esta controversia, nos encontramos ante un caso activo ante el foro primario, en el que ni siquiera ha iniciado el juicio, por lo que debimos adoptar oportunamente las acciones solicitadas por el peticionario, dirigidas a reconocer la aplicación en el ordenamiento de Ramos v. Louisiana, supra.

En consecuencia, las oportunidades de prevalecer del peticionario nos obligaban a reconocer que el Tribunal de Apelaciones erró al mantener el curso ordinario de la controversia apelativa, sin tomar la previsión de conceder el auxilio de la jurisdicción solicitado.

Los criterios jurisprudenciales y las consideraciones constitucionales merecían reconocer las probabilidades de prevalecer del peticionario. Como se puede apreciar de la jurisprudencia y de la propia Regla 111 de Procedimiento Criminal, supra, el punto crucial para revertir la renuncia a juicio por jurado o viceversa es el inicio del

juicio. Ello, por las implicaciones que tiene movilizar la maquinaria judicial. No obstante, el caso de autos presenta el agravante de que aún no llegamos a esa etapa procesal y que mucho menos ha advenido una sentencia final y firme. Además, se abandona el criterio de la sana administración de la justicia, al comenzar el próximo lunes un juicio por tribunal de derecho y, simultáneamente, mantener ante el Tribunal de Apelaciones un planteamiento sustantivo válido dirigido a preservar el derecho a juicio por jurado. Así que, aún bajo el prisma más conservador y menos garante de los derechos individuales, no hay razón alguna para haber denegado la solicitud del peticionario, por lo que enérgicamente disiento.


                                        Luis F. Estrella Martínez
                                             Juez Asociado